

FILED

NOV - 2 2023

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**UNITED STATES OF AMERICA**

      v.                                **CRIMINAL ACTION NO. 2:23-cr-25**

**IAN ISHMEL BONAS,**

      **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Ian Ishmel Bonas's ("Defendant") Motion for Judgment of Acquittal under the Federal Rules of Criminal Procedure Rule 29 ("Rule 29"). Def. Mot. J. Acquittal, ECF Nos. 90, 91 ("Def.'s Mot."). The Government opposed the Motion. Gov. Resp., ECF No. 92 ("Resp. Opp."). Defendant did not file a reply. This matter is now ripe for judicial determination. For the reasons stated below, Defendant's Motion is **DENIED**.

### I.  FACTUAL AND PROCEDURAL HISTORY

On July 12, 2023, Defendant was named in a thirteen-count Superseding Indictment, returned by an Eastern District of Virginia Grand Jury, Norfolk Division, charging him as follows: Counts One, Four, Five, and Six with Possession with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) and 18 U.S.C. § 2; Counts Two and Seven with Use and Carry a Firearm and in Relation to Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) and § 2; Count Three with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) and § 2; Count Eight with Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; Count Nine with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; Counts Ten through Thirteen with Wire

Fraud, in violation of 18 U.S.C. § 1343 and § 2. ECF No. 72. On September 12, 2023, a two-day bench trial commenced before The Honorable Raymond A. Jackson, United States Senior District Judge. ECF Nos. 86–87. During the trial, the Government presented evidence regarding four controlled drug and firearm buys. Resp. Opp. The Government called multiple witness to describe each controlled buy to support the charges the Government sought. *Id.* Additionally, the Government presented evidence of four Paycheck Protection Program ("PPP") loans for which Defendant applied. *Id.* At the close of the Government's case, Defendant did not move for judgment of acquittal. On September 13, 2023, the Court returned a verdict finding Defendant guilty on all Counts except Count Nine. *See* Verdict, Docket Sheet. The Court scheduled sentencing for January 16, 2024. ECF No. 89.

On September 27, 2023, Defendant filed a post-trial motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. ECF Nos. 90–91. The United States filed a response in opposition on October 10, 2023. ECF No. 92.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 29 provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal," where the defendant has successfully challenged the sufficiency of the evidence used to convict him. Fed R. Crim. Pr. 29 (c)(2). "A defendant challenging the sufficiency of the evidence to support his conviction carries a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal citation omitted). In reviewing a Rule 29 challenge to a conviction, a court inquires whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Johnson*, 55 F.3d 976, 979 (4th Cir. 1995) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Deference to the trier of fact requires that the court "construe the evidence

2

in the light most favorable to the Government, assuming its credibility, drawing all favorable inferences from it, and taking into account all the evidence, however adduced." *Johnson*, 55 F.3d at 979 (quoting *United States v. Giunta*, 925 F.2d 758, 764 (4th Cir.1991)).

In its sufficiency review, a court considers both the circumstantial and direct evidence. *See United States v. Martin*, 523 F.3d 281, 289 (4th Cir. 2008); *United States v. Jackson*, 863 F.2d 1168, 1173 (4th Cir. 1989) (noting "circumstantial evidence is treated no differently than direct evidence, and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence."). However, assessing the credibility of witnesses is within the province of the fact finder, *see U.S. v. Okwesa*, No. 1:14CR90 JCC, 2014 WL 2766120, at *2 (E.D. Va. June 18, 2014), and the uncorroborated testimony of a single witness may be sufficient to sustain a guilty verdict, even if that witness is an accomplice, co-defendant, or informant. *See United States v. Wilson*, 115 F.3d 1185, 1189–90 (4th Cir. 1997); *see also United States v. Arrington*, 719 F.2d 701, 705 (4th Cir. 1983); *see also United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002).

### III. DISCUSSION

At trial and in his Motion, Defendant argues that the Government's evidence was insufficient to sustain a conviction on all Counts. Defendant specifically states that there was no evidence established to prove that Defendant applied for the PPP loans, no evidence to suggest that Defendant was the consistent "link" to setting up the four controlled purchases of drugs and firearms, and the confidential informant, Willis Blow, and another government witness, Antonio Waller, gave contradictory testimony. Def.'s Mot. In opposition, the Government argues it presented sufficient evidence at trial to support the Judge's verdict. Resp. Opp. Having reviewed

the parties' arguments and the record, the Court finds that there was sufficient evidence to

sustain the conviction on all Counts except Count Nine.

Defendant is charged in Counts One, Four, Five, and Six with Possession with the Intent

to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The statute provides

that it is unlawful to knowingly or intentionally distribute or possess with the intent to distribute

a controlled substance, in this case cocaine. At trial the Government was required to prove four

elements: 1) Defendant knowingly and intentionally possessed the controlled substance

described in Counts One, Four, Five, and Six of the Superseding Indictment; 2) at the time

Defendant knew that the substance was a controlled substance; 3) Defendant intended to

distribute the controlled substance; and 4) that Defendant possessed with intent to distribute a

quantity of cocaine base. *See* Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal*

*Cases, District of South Carolina* § 841 (2020 Online Edition). In addition, the Government

charged Defendant with having aided and abetted others under §§ 841(a)(1) and (b)(1)(C), in

violation of 18 U.S.C. § 2. The Government was required to prove that Defendant participated at

some stage of the criminal venture with knowledge of the result and the intent to bring about that

result. *See United States v. Arrington*, 719 F.2d 701, 705 (4th Cir.1983) (discussing elements of

aiding and abetting).

Defendant argues that the Government did not present testimony that Defendant was the

consistent link to the controlled buys. Def.'s Mot. at 3. Further, Defendant stated that Mr. Blow

contradicted himself by stating Defendant handed him the drugs directly instead of another co-

conspirator, Travis Saunders. *Id.* Additionally, Mr. Blow testified that Mr. Waller was present at

controlled buy number two, which contradicts testimony by other witnesses that Mr. Waller was

present at controlled buy number four only. *Id.* Lastly, Mr. Waller testified that Defendant was

4

not his preferred drug dealer but made payments for drugs once every few days, which contradicts the CashApp transactions presented in court. *Id.* at 3–4.

In this case, there was sufficient evidence to prove that Defendant aided and abetted in distributing cocaine and that these actions resulted in four controlled purchases of cocaine. At trial, the Government presented evidence to show Defendant's involvement with possessing and distributing cocaine. The Government connected Defendant to the crime through testimony by Mr. Blow, Mr. Waller, and FBI Agent Ivone. Mr. Blow testified that he connected with Defendant through Mr. Saunders and met Defendant for the first time on May 20, 2021, at a Citgo gas station to buy drugs and a firearm. *See* Excerpt Transcript of Proceedings at 9–10, United States v. Ian Bonas, E.D. VA. (2023) (Mr. Blow's testimony on direct examination regarding the first controlled buy.). Additionally, during the first buy, Mr. Blow stated he got into Defendant's black Cadillac and sat in the backseat, where Defendant handed Mr. Blow the firearm and drugs in exchange for cash, which Mr. Saunders received.[1] *Id.* at 11–12; *see also* Gov. Ex. 1D–1F and 1H.

The second buy occurred on May 25, 2021, at a music studio in Virginia Beach with Mr. Blow, Mr. Saunders, and Defendant. Gov. Ex. 2B. Mr. Blow testified that he got one gun from Mr. Saunders, and Defendant appeared with the cocaine. *See* Excerpt Transcript of Proceedings at 29–30, United States v. Ian Bonas, E.D. VA. (2023). Mr. Blow then followed Defendant to Norfolk to get the second gun from Defendant. *Id* at. 31. Mr. Blow testified about the third buy, which occurred on June 15, 2021, at Norfolk Premium Outlets ("Outlets") to purchase cocaine from Defendant and Mr. Saunders. Gov. Ex. 3B. Mr. Blow then drove to the back of the Outlets and parked next to Defendant. *See* Excerpt Transcript of Proceedings at 36–37, United States v.

---

[1] The testimony is not clear regarding whether the drugs and the firearm were in a bookbag or outside of the bookbag. However, Mr. Blow indicated that Defendant handed him the drugs and the firearm.

Ian Bonas, E.D. VA. (2023). Defendant then got into Mr. Blow's car with Mr. Saunders and handed Mr. Blow the cocaine in exchange for cash. *Id.*

Mr. Blow testified about the fourth buy, which occurred on July 1, 2021, to purchase cocaine. *See* Excerpt Transcript of Proceedings at 50–56, United States v. Ian Bonas, E.D. VA. (2023). Mr. Blow stated that Defendant arrived at the Wawa gas station and gave the cocaine to Mr. Saunders, who then handed the cocaine to Mr. Blow. *Id.* Additionally, Mr. Waller testified that he purchased cocaine from Defendant numerous times. *Id.* at 96 (Mr. Waller's testimony on direct examination.); *see also* Gov. Ex. 11G and 11H (CashApp payments to Defendant from Mr. Waller.). Mr. Waller stated he witnessed Defendant make crack cocaine at his apartment. *Id.* at 101–102 (stating he cooked cocaine at Defendant's apartment to smoke, whereas Defendant cooked cocaine to sell.). The Government also introduced evidence to prove that Mr. Waller was present at the fourth buy by having him identify himself in the pictures. *See* Gov. Ex. 4M and 4N.

The Government established these connections through Defendant's phone records, geo-location data from his phone, and the substances purchased through the drug deal that FBI Agent Ivone received, which was later confirmed as cocaine. While much of the Government's evidence consisted of both circumstantial and direct evidence, both may support a conviction and a conviction may rely entirely on circumstantial evidence. *See United States v. Bonner*, 648 F.3d 209, 213 (4th Cir. 2011) (internal citation omitted). The finder of fact in this case, the Judge, found the Government's evidence and the witnesses testimony sufficient to sustain a conviction under these Counts. Therefore, Defendant fails to establish that there was insufficient evidence to support his conviction on Counts One, Four, Five, and Six.

Defendant is charged in Counts Two and Seven with Use and Carry a Firearm and in Relation to Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1(A). The statute provides that any person who uses or carries a firearm during a drug trafficking crime shall be punished for no less than seven (7) years. The Government was required to prove at trial: 1) Defendant committed the crime of possession with the intent to distribute cocaine base; 2) in furtherance of that crime, Defendant knowingly possessed a firearm; and 3) Defendant's brandishing or possession of that firearm was in furtherance of the crime identified in Count One of the Indictment. *See* Ruschky, *supra,* § 924(c). The Government also charged Defendant with having aided and abetted others under § 924(c)(1)(A), in violation of 18 U.S.C. § 2. The Government was required to prove the elements of the charge. *See Arrington*, 719 F.2d at 705. Lastly, Defendant is charged in Count Three with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). The Government was required to prove: 1) at the time Defendant possessed the firearm, Defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; 2) such possession was in or affecting interstate commerce; and 3) Defendant knowingly possessed the firearm described in the Indictment. *See* Ruschky, *supra,* § 922(g). The parties stipulated that Defendant is a convicted felon. ECF No. 88.

Defendant argues that the Government did not "link" him to the gun and drugs during the first buy with Mr. Blow because Mr. Blow spoke directly with Mr. Saunders via text message, not Defendant. Def.'s Mot. at 3. Furthermore, Mr. Blow did not convey whether Defendant handed Mr. Blow the firearm and drugs in a bookbag or outside the bookbag. *Id.* However, the Government presented evidence to support that Defendant used or carried a firearm during two out of the four controlled buys. At trial, Mr. Blow stated he was physically present during the first controlled buy, and Defendant handed him the firearm. *See* Excerpt Transcript of

7

Proceedings at 9–12, United States v. Ian Bonas, E.D. VA. (2023). Whether during the first buy the firearm and drugs were in a bag or out in the open is irrelevant to the charge because an eyewitness testified to being in the car with Defendant when Defendant possessed and handed over the firearm.

Although Mr. Blow's testimony could be viewed as circumstantial, the Government corroborated the testimony with audio and video recordings and photographs taken by the FBI. Additionally, FBI Agent Ivone testified about each controlled buy, including receiving firearms from Mr. Blow that Defendant gave him. *See* Gov. Ex. 1C and 2D. Based on the evidence the Government presented, a conviction on Counts Two, Three, and Seven was sufficient because Defendant is a felon and carried firearms to the controlled buys. Therefore, Defendant fails to establish that there was insufficient evidence to support his conviction on Counts Two, Three, and Seven.

Defendant is charged in Count Eight with Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. The statute provides that any person who attempts or conspires to commit any offense described in this subchapter, here distribute and possess cocaine, shall be punished. The Government was required to prove the following: 1) that two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common unlawful plan, as charged in the Indictment; 2) that Defendant knew of the unlawful purpose of the plan and willfully joined in it; 3) that the object of the unlawful plan was to distribute or possess with intent to distribute cocaine; and 4) that the conspiracy involved a quantity of cocaine base. *See* Ruschky, *supra*, § 846.

Defendant makes the same arguments mentioned previously about the cocaine. Def.'s Mot. at 3. However, the Government sufficiently established enough evidence to sustain a

8

conviction under Count Eight. At trial, Mr. Blow testified about Defendant and Mr. Saunders being present at each controlled buy. *See e.g.,* Excerpt Transcript of Proceedings at 9–12, 29–37, United States v. Ian Bonas, E.D. VA. (2023). Mr. Blow stated Mr. Saunders referred to Defendant as his "peoples" who would bring the firearms and drugs to the controlled buys. *Id.* The Government corroborated the testimony at trial with audio and video recordings, photographs, and evidence of Defendant's bank records and CashApp transactions sending money to Mr. Saunders. *See* Gov. Ex. 11D. Based on the evidence the Government presented, a conviction on Count Eight was sufficient because Defendant conspired with Mr. Saunders to distribute and possess cocaine when meeting with Mr. Blow. Therefore, Defendant fails to establish that there was insufficient evidence to support his conviction on Count Eight.

Defendant is charged in Counts Ten, Eleven, Twelve, and Thirteen with Wire Fraud, in violation of 18 U.S.C. § 1343. The statue states whoever devises any scheme transmitted by wire communication in interstate or foreign commerce shall be guilty of the offense. The Government must prove the following: 1) Defendant knowingly devised or knowingly participated in a scheme or artifice to defraud and to obtain money by means of materially false or fraudulent pretenses, representations, or promises as detailed in the Indictment; 2) Defendant did so with the intent to defraud; and 3) in advancing, or furthering, or carrying out this scheme to defraud and to obtain money by means of materially false or fraudulent pretenses, representations, or promises, Defendant transmitted any writing, signal, or sounds by means of a wire communication in interstate or foreign commerce or caused the transmission of any writing, or sound of some kind by means of a wire, radio, or television communication in interstate or foreign commerce. *See* Ruschky, *supra,* § 1343. The Government also charged Defendant with

9

having aided and abetted others under § 1343, in violation of 18 U.S.C. § 2. The Government

was required to prove the elements of the charge. *See Arrington*, 719 F.2d at 705.

Defendant argues that the Government did not present testimony showing that Defendant

electronically signed the PPP loans or that the IP address matched an IP address Defendant used.

Def.'s Mot. at 2. Furthermore, Defendant claims that no evidence explicitly shows that he

applied for the funds or loan forgiveness, although the funds were deposited into his account. *Id.*

However, the Government sufficiently established that Defendant committed wire fraud. At trial,

the Government presented four of Defendant's loan applications. Two applications displayed

Defendant's name, social security number, address, and email address. *See* Gov. Ex. 5, 6. The

other two applications were in Defendant's business name, "A Class Cars & Towing," which

also referenced Defendant's name, address, and the same email address used in his individual

loan applications. *See* Gov. Ex. 7, 8. Additionally, the Government introduced Defendant's tax

returns in Defendant's name and his business showing inflated income figures. *See* Gov. Ex.

12A–12D. Lastly, the Government corroborated Defendant's receipt of the loan funds by

introducing evidence of his bank records showing the funds were deposited into his accounts.

*See* Gov. Ex. 5–8. The Government introduced enough circumstantial evidence to sustain a wire

fraud conviction. Therefore, Defendant fails to establish that there was insufficient evidence to

support his convictions on Counts Ten through Thirteen.

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment of Acquittal is **DENIED.**

ECF Nos. 90, 91.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and

Order to counsel and parties of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
October     , 2023

Raymond A. Jackson
United States District Judge

11

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment of Acquittal is **DENIED**.

ECF Nos. 90, 91.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and

Order to counsel and parties of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
November 2 , 2023

Raymond A. Jackson
United States District Judge

11